# EXHIBIT A



**CT Corporation**
**Service of Process Notification**
01/17/2024
CT Log Number 545553555

## Service of Process Transmittal Summary

Click Here [sop.ctadvantage.com] to access this service of process on the CT SOP Hub.

**TO:** Gary Whitaker, VP,GC & SECRETARY
American Zinc Recycling LLC
3000 GSK DR STE 201
MOON TOWNSHIP, PA, 15108-1381

**RE:** Process Served in Delaware

**FOR:** Befesa Zinc US Inc. (Domestic State: DE)

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

**TITLE OF ACTION:** ALEX KOZIOL, individually and on behalf of similarly situated individuals vs. BEFESA ZINC US INC.
**CASE #:** 23CH10106

**PROCESS SERVED ON:** The Corporation Trust Company, Wilmington, DE
**DATE/METHOD OF SERVICE:** By Process Server on 01/17/2024 at 14:42
**JURISDICTION SERVED:** Delaware
**ACTION ITEMS:** SOP Papers with Transmittal, via UPS Next Day Air , 1ZX212780107552144
Email Notification, Gary Whitaker gary.whitaker@befesa.com

**REGISTERED AGENT CONTACT:** The Corporation Trust Company
1209 Orange Street
Wilmington, DE, 19801
866-539-8692
CorporationTeam@wolterskluwer.com

Click Here [sop.ctadvantage.com] to access this service of process on the CT SOP Hub.
Click Here [sop.ctadvantage.com] to access this service of process at CTAdvantage, where you will be automatically routed to the CT SOP Hub.

FILED
12/18/2023 9:49 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023CH10106
Calendar, 11
25648790

FILED DATE: 12/18/2023 9:49 PM   2023CH10106

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| ALEX KOZIOL, individually and on behalf of similarly situated individuals,<br><br>*Plaintiff*,<br><br>v.<br><br>BEFESA ZINC US INC. f/k/a AMERICAN ZINC RECYCLING CORP., a Delaware corporation,<br><br>*Defendant.* | No. 2023CH10106<br><br>Hon. |

### CLASS ACTION COMPLAINT WITH JURY DEMAND

Plaintiff Alex Koziol ("Plaintiff"), individually and on behalf of other similarly situated individuals, brings this Class Action Complaint against Defendant Befesa Zinc US Inc. f/k/a American Zinc Recycling Corp. ("Defendant" or "American Zinc Recycling") for its violations of the Illinois Genetic Information Privacy Act, 410 ILCS 513/1, *et seq*. ("GIPA"), and to obtain redress for persons injured by its conduct. Plaintiff alleges the following based on personal knowledge as to Plaintiff's own experiences, and as to all other matters, upon information and belief, including an investigation conducted by Plaintiff's attorneys.

### INTRODUCTION

1. This case concerns the misuse of individuals' genetic information in Illinois by an owner and operator of steel dust recycling facilities. As a condition of employment, Defendant requires potential employees to undergo a physical exam during which genetic information in the form of their family medical history is requested.

2. Having recognized the uniquely private and sensitive nature of genetic information – and the potential for harmful discrimination that such information may encourage among

1

employers – the Illinois General Assembly enacted GIPA in part to regulate employers' use of such genetic information. In addition to its baseline protections of individuals' genetic information, GIPA specifically provides that an employer, employment agency, labor organization, or licensing agency shall not directly or indirectly do any of the following:

(1) solicit, request, require or purchase genetic testing or genetic information of a person or family member of the person, or administer a genetic test to a person or a family member of the person as a condition of employment, preemployment application, labor organization membership, or licensure;

(2) Affect the terms, conditions, or privileges of employment, preemployment application, labor organization membership, or licensure of any person because of genetic testing or genetic information with respect to the employee or family member, or information about a request for or the receipt of genetic testing by such employee or family member of such employee;

(3) Limit, segregate, or classify employees in any way that would deprive or tend to deprive any employee of employment opportunities or otherwise adversely affect the status of the employee as an employee because of genetic testing or genetic information with respect to the employee or a family member, or information about a request for, or the receipt of genetic testing or genetic information by such employee or family member of such employee; and

(4) Retaliate through discharge or in any other manner against any person alleging a violation of this Act or participating in any manner in a proceeding under this Act.

410 ILCS 513/25(c).

3. GIPA defines "genetic information" as information pertaining to: (i) an individual's genetic tests; (ii) the genetic tests of family members of the individual; (iii) the manifestation of a disease or disorder in family members of such individual; or (iv) any request for, or receipt of, genetic services, or participation in clinical research which includes genetic services, by the individual or any family member of the individual.[1]

---

[1] 410 ILCS 513/10, by reference to 45 C.F.R. § 160.103.

2

FILED DATE: 12/18/2023 9:49 PM 2023CH10106

4. Genetic information, including familial health history, is a uniquely private and sensitive form of personal information. The genetic information contained therein reveals a trove of intimate information about that person's health, family, and innate characteristics.

5. In requiring prospective employees, such as Plaintiff, to disclose their family medical histories, Defendant has violated Plaintiff's and the other putative Class members' statutory right to genetic privacy.

6. In enacting GIPA, the Illinois Legislature recognized that "[d]espite existing laws, regulations, and professional standards which require or promote voluntary and confidential use of genetic testing information, many members of the public are deterred from seeking genetic testing because of fear that test results will be disclosed without consent in a manner not permitted by law or will be used in a discriminatory manner." *See* 410 ILCS 513/5(2).

7. GIPA bestows a right to privacy in one's genetic information and a right to prevent the solicitation of, collection, or disclosure of such information.

8. Despite GIPA's prohibition against soliciting family medical information concerning familial diseases and disorders, Defendant continues to request that its employees and prospective employees provide protected familial medical history in violation of GIPA.

9. Plaintiff brings this action for statutory damages and other remedies as a result of Defendant's conduct in violating Plaintiff's Illinois genetic privacy rights.

10. On Plaintiff's own behalf, and on behalf of the proposed Class defined below, Plaintiff seeks an injunction requiring Defendant to comply with GIPA, as well as an award of statutory damages under GIPA to the Class members, together with costs and reasonable attorneys' fees.

## PARTIES

11. Defendant Befesa Zinc US Inc. is a corporation organized under the laws of the state of Delaware and is registered with the Illinois Secretary of State to transact business in Illinois, including in Cook County.

12. At all relevant times, Plaintiff Alex Koziol has been a resident and citizen of the state of Indiana.

## JURISDICTION AND VENUE

13. This Court may assert personal jurisdiction over Defendant pursuant to 735 ILCS 5/2-209 in accordance with the Illinois Constitution and the Constitution of the United States because Defendant is doing business within this state, and because Plaintiff's claims arise out of Defendant's unlawful in-state actions, as Defendant directly or indirectly solicited, requested, required, or purchased genetic information of its job applicants as a condition of applicants' employment or preemployment application in Illinois.

14. Venue is proper in Cook County because Defendant is doing business in Cook County and thus resides there under 735 ILCS § 5/2-102(a).

## COMMON FACTUAL ALLEGATIONS

15. The genomic revolution of recent decades has brought with it great advancements in biological sciences and medicine. Modern genomic technologies allow individuals to gather genealogical information about themselves and their relatives, to discover their genetic predisposition for diseases before any symptoms manifest, and in some cases to prevent and treat such diseases.

16. These and other benefits of genomic science have coincided with a rapid decline in the cost of genetic testing. Since the turn of the 21st century, the cost of collecting and analyzing

4

a complete individual human genome has fallen from more than $100,000,000 in 2001 to less than $1,000 in 2022.[2] Despite the benefits to science and health care that could be gained from increased access to genetic testing, the Centers for Disease Control expressed counterbalancing concerns related to genetic privacy as early as 1996.[3]

17. As recognized by the CDC and the Illinois Legislature, progress in the field of genomics does not come without risk, and as the benefits and accessibility of genetic testing have grown so too has the potential for abuse and discrimination. To address these and other concerns related to misusing genetic information, Illinois and other states regulate the collection, use, and disclosure of such information.

18. In 1998, the Illinois General Assembly enacted the Genetic Information Privacy Act, 410 ILCS 513/1 *et seq.* out of recognition that people's genetic information could be used for discriminatory purposes, one of the most harmful of which would occur in the context of employment.

19. Accordingly, GIPA prohibits an employer from directly or indirectly soliciting, requesting, requiring or purchasing the genetic testing or genetic information of a person or family member of a person as a condition of employment, preemployment application, labor organization membership, or licensure. 410 ILCS 513/25(c)(1).

20. GIPA defines an employer, in relevant part, as "every [] person employing employees within the state."

21. Defendant is an "employer" as defined by GIPA.

---

[2] https://www.genome.gov/about-genomics/fact-sheets/DNA-Sequencing-Costs-Data
[3] Board on Biology National Research Council. *Privacy Issues in Biomedical and Clinical Research: Proceedings of Forum on November 1, 1997* (Washington D.C., National Academy Press, 1997) 1.

5

22. Defendant is an owner and operator of steel dust recycling facilities. Defendant employs at least one hundred individuals in Illinois, including in Chicago, Illinois where Plaintiff worked for Defendant.

23. As part of its hiring process, Defendant requires its prospective employees to undergo a physical examination.

24. Defendant's physical examinations include the solicitation of information regarding the manifestation of diseases in family members of the prospective employee.

25. In addition to the above statutorily prohibited conduct, Defendant did not inform Plaintiff or the Class of their right not to answer any questions regarding their genetic information.

26. Defendant thus violated GIPA by soliciting and obtaining Plaintiff's and the Class's genetic information as a precondition of employment or as part of their preemployment application.

## FACTS SPECIFIC TO PLAINTIFF

27. In or around September of 2020, Plaintiff Alex Koziol applied for a job with Defendant and was hired to work at Defendant's facility in Chicago, Illinois.

28. As part of the application and hiring process, and as a precondition of employment, Defendant required Plaintiff to submit to a physical examination in Illinois.

29. During the examination, Defendant required Plaintiff to answer questions concerning his family medical history, *i.e.* the manifestation of diseases or disorders in his family members. Such questions included whether Plaintiff's family members had a history of diabetes, heart disease, kidney disease and other medical conditions.

30. In response, Plaintiff disclosed his genetic information, including diseases and disorders with which his family members have been diagnosed.

31. Thus, Plaintiff's sensitive genetic information was solicited by Defendant and obtained by Defendant as a condition of his employment.

32. Plaintiff was not advised by Defendant or anyone else acting on behalf of Defendant, either verbally or in writing, to not disclose the solicited genetic information. Nor did Plaintiff provide his genetic information in furtherance of a workplace wellness program.

33. By requiring Plaintiff to answer questions about his family medical history, Defendant directly or indirectly solicited, requested, purchased and/or required Plaintiff to disclose his genetic information in violation of GIPA.

## CLASS ACTION ALLEGATIONS

34. Plaintiff brings this action on behalf of himself and similarly situated individuals pursuant to 735 ILCS § 5/2-801. Plaintiff seeks to represent a Class defined as follows:

> All individuals who applied for employment with Defendant in Illinois and from whom Defendant, or an agent acting on behalf of Defendant, has requested and/or obtained family medical history or other genetic information according to Defendant's records within the applicable limitations period.

35. Excluded from the Class are any members of the judiciary assigned to preside over this matter; any officer or director of Defendant; and any immediate family member of such officers or directors.

36. Upon information and belief, there are at least one hundred members of the Class, making the members of the Class so numerous that joinder of all members is impracticable. Although the exact number of members of the Class is currently unknown to Plaintiff, the members can be easily identified through Defendant's records.

37. Plaintiff's claims are typical of the claims of the members of the Class Plaintiff seeks to represent, because the factual and legal bases of Defendant's liability to Plaintiff and the

7

other members of the Class are the same, and because Defendant's conduct has resulted in similar violations to Plaintiff and to the Class. As alleged herein, Plaintiff and the Class have all been aggrieved by Defendant's GIPA violations.

38. There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members. Common questions for the Class include, but are not limited to, the following:

    a. Whether Defendant's conduct is subject to GIPA;

    b. Whether Defendant directly or indirectly solicited Plaintiff's and the other Class members' genetic information as a condition of employment or through their preemployment application in violation of 410 ILCS 513/25(c)(1);

    c. Whether Defendant's violations of GIPA were negligent;

    d. Whether Defendant's violations of GIPA were reckless or intentional; and

    e. Whether Plaintiff and the Class are entitled to damages and injunctive relief.

39. Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitively expensive and would thus have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions in that it conserves the resources of the courts and the litigants and promotes consistency of adjudication.

40. Plaintiff will adequately represent and protect the interests of the members of the Class. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and Plaintiff's counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so. Neither Plaintiff nor Plaintiff's counsel have any interest adverse to those of the other members of the Class.

41. Defendant has acted and failed to act on grounds generally applicable to Plaintiff and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

## COUNT I
**Violation of the Illinois Genetic Information Privacy Act, 410 ILCS 513/1, *et seq.*
(On behalf of Plaintiff and the Class)**

42. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

43. Defendant is a company that employs individuals within the state of Illinois and therefore meets the definition of an "employer" under GIPA. 410 ILCS 513/10.

44. GIPA defines "genetic information" by reference to HIPAA as specified in 45 C.F.R. § 160.103 to include the manifestation of a disease or disorder in family members of an individual.

45. Under GIPA, an employer shall not directly or indirectly solicit, request, require or purchase genetic information of a person or a family member of the person as a condition of employment or as part of any preemployment application. 410 ILCS 513/25(c)(1).

46. As a precondition of their employment with Defendant, Plaintiff and the Class were required to undergo physical exams, wherein Defendant required them to answer questions regarding their family medical history, *i.e.* the manifestation of a disease or disorder in family members. In other words, Defendant directly or indirectly solicited, requested, purchased and required Plaintiff and the members of the Class to disclose their genetic information.

47. Plaintiff and the Class also provided accompanying personal identifying information, including their full names, home addresses, date of birth, Social Security information

9

and gender to Defendant as part of their employment applications and during the physical exams they underwent.

48. The information obtained from Plaintiff and the Class by Defendant is the type of information protected by GIPA. 410 ILCS 513/10.

49. Defendant failed to advise Plaintiff and the other Class members, either verbally or in writing, of their statutorily protected right under GIPA to not provide their family medical history or genetic information.

50. Plaintiff and the other Class members have been aggrieved by Defendant's above violations of their statutorily protected rights to privacy in their genetic information as set forth in GIPA.

51. GIPA provides for statutory damages of $15,000 for each reckless or intentional violation of GIPA and, alternatively, damages of $2,500 for each negligent violation of GIPA. 410 ILCS 513/40(a)(3).

52. Defendant's violations of GIPA, a statute that has been in effect since 1998, were knowing and willful, or were at least in reckless disregard of the statutory requirements. Alternatively, Defendant negligently failed to comply with GIPA.

53. Accordingly, Plaintiff, individually and on behalf of the proposed Class, prays for the relief set forth below.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Alex Koziol, individually and on behalf of the proposed Class, respectfully requests that this Court enter an Order:

    a. Certifying the Class as defined above, appointing Plaintiff as class representative, and appointing Plaintiff's counsel as class counsel;

b. Declaring that Defendant's actions, as set forth herein, violate GIPA;

c. Awarding injunctive and equitable relief as necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with GIPA;

d. Awarding statutory damages of $15,000 for each reckless or intentional violation of GIPA pursuant to 410 ILCS 513/40(a)(3);

e. Awarding statutory damages of $2,500 for each negligent violation of GIPA pursuant to 410 ILCS 513/40(a)(3);

f. Awarding reasonable attorneys' fees, costs, and other litigation expenses pursuant to 410 ILCS 513/40(a)(3);

g. Awarding pre- and post-judgment interest, as allowable by law; and

h. Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

Dated: December 18, 2023

Respectfully submitted,

ALEX KOZIOL, individually and on behalf of similarly situated individuals,

By: /s/ Andrew T. Heldut
*One of Plaintiff's Attorneys*

Timothy P. Kingsbury
Andrew T. Heldut
Jordan Frysinger
MCGUIRE LAW, P.C. (FIRM ID: 56618)
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
tkingsbury@mcgpc.com
aheldut@mcgpc.com
jfrysinger@mcgpc.com

*Attorneys for Plaintiff and the Putative Class*