**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ALEX KOZIOL, individually and on behalf of all similarly situated individuals, )<br>)<br>*Plaintiff*, )<br>)<br>v. )<br>)<br>BEFESA ZINC US INC. f/k/a )<br>AMERICAN ZINC RECYCLING CORP., )<br>a Delaware corporation, )<br>)<br>*Defendant*. )<br>) | Case No. 1:24-cv-01310<br><br>Hon. Jeffrey I. Cummings |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION**
**TO DEFENDANT'S MOTION TO DISMISS**

Timothy P. Kingsbury
Andrew T. Heldut
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
tkingsbury@mcgpc.com
aheldut@mcgpc.com

*Attorneys for Plaintiff and the Putative Class*

I.       **<u>INTRODUCTION</u>**

Defendant Befesa Zinc US Inc. ("Befesa" or "Defendant") operates steel dust recycling facilities, including in Chicago, Illinois. Plaintiff Alex Koziol's ("Plaintiff") Class Action Complaint ("Complaint" or "Compl.", Dkt. No. 1-1) states claims under the Illinois Genetic Information Privacy Act, 410 ILCS 513/1, *et seq.* ("GIPA"), on the basis that Defendant violated Plaintiff's rights by unlawfully soliciting or requesting his genetic information at the pre-employment stage in violation of 410 ILCS 513/25(c)(1). Defendant has moved to dismiss Plaintiff's claims on several theories, each of which should be rejected. ("Motion to Dismiss" or "Mot.," Dkt. 14).

First, Defendant claims that Plaintiff's allegations regarding Defendant's requests for family medical history are not genetic-based and are conclusory. This argument ignores that Plaintiff pleads precise examples of the "genetic information" that Defendant unlawfully requested (i.e. inheritable diseases and conditions running in his family members, including diabetes and heart disease), and ignores GIPA's definition of "genetic information" which, as Defendant does not– and cannot – dispute, includes "the manifestation of a disease or disorder in family members of [an individual]." Courts interpreting GIPA and identical statutory language in the federal Genetic Information Nondiscrimination Act (GINA) have ruled that the "genetic information" – family medical history – pled by Plaintiff here is a sufficient basis for claims under GINA and GIPA, which both prohibit employers from soliciting or requesting employees' genetic information.

Second, Defendant argues that even if it did solicit Plaintiff's genetic information, it was still lawful because Defendant did so to comply with federal law, namely OSHA. But Defendant does not and cannot identify any directives, standards, regulations, or caselaw to support its

contention that OSHA regulates preemployment practices and the screening of prospective employees, because none exist. OSHA regulates workers' safety and conditions in the workplace, and GIPA permits genetic information to be used in mandatory workplace wellness programs under certain conditions that are irrelevant here, such as where the employer receives written authorization from the employee.

Third and finally, Defendant argues that Plaintiff fails to plead Defendant's state of mind when violating GIPA and thus fails to state claims for damages under GIPA. Many courts in this District have rejected similar arguments in cases involving the Illinois Biometric Information Privacy Act ("BIPA") – which, like GIPA, permits heightened damages awards for reckless or intentional conduct – and ruled that a plaintiff need not plead specific facts regarding a defendant's *mens rea* to proceed with heightened damages requests. Because GIPA, like BIPA, imposes liability regardless of a defendant's state of mind, Plaintiff's request for damages, including for heightened damages due to Defendant's reckless or intentional conduct, should be sustained.

For those reasons, and as discussed in further detail below, Defendant's Motion should be denied in its entirety.

## II. **FACTUAL ALLEGATIONS**

Defendant is an owner and operator of steel dust recycling facilities. Defendant employs at least one hundred individuals in Illinois, including in Chicago, Illinois where Plaintiff worked for Defendant. (Compl. ¶ 22). In or about September 2020, Plaintiff applied for a job with Defendant to work at Defendant's facility in Chicago, Illinois. (*Id.* ¶ 27). As part of Defendant's hiring process, Plaintiff was required to submit to a physical examination, during which Defendant required him to answer questions concerning his family medical history, including whether Plaintiff's family members had a history of inheritable conditions such as diabetes, heart disease,

and kidney disease. (Compl. ¶ 29). Accordingly, Plaintiff filed this case against Defendant under Section 25(c) of GIPA, 410 ILCS 513/25(c), which prohibits employers such as Defendant from soliciting, requesting, requiring or purchasing genetic information of a person as a condition of employment or preemployment application. (Compl. ¶¶ 2, 24, 26, 33, 45, 46). GIPA specifically defines "genetic information" by reference to HIPAA as specified in 45 C.F.R. § 160.103 to include the manifestation of a disease or disorder in family members of an individual, which is exactly the information Plaintiff and the Class members allege was systematically solicited and/or requested by Defendant as part of their preemployment application and as a condition of employment. (Compl. ¶¶ 3, 23–26, 28, 29, 31, 46).

### III.     LEGAL STANDARD

Where a defendant moves to dismiss a complaint under Federal Rule 12(b)(6), the motion does not test the merits of the plaintiff's claims; rather it "tests only the legal sufficiency of the complaint." *Hanley v. Green Tree Serv., LLC*, 934 F. Supp. 2d 997, 980 (N.D. Ill. 2013) (citing *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990)). When considering a Rule 12(b)(6) motion, the court must construe the complaint "in the light most favorable to the nonmoving party, accept well-pleaded facts as true, and draw all inferences in [the plaintiff's] favor." *Kolbe & Kolbe Health & Welfare Benefit Plan v. Med. Coll. of Wis.*, 657 F.3d 496, 502 (7th Cir. 2011). A complaint will survive a Rule 12(b)(6) motion as long as it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A complaint "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff is unable to prove any set of facts which would entitle the

plaintiff to relief." *Supreme Auto Transport v. Arcelor Mittal*, 238 F. Supp. 3d 1032, 1036 (N.D. Ill. 2017) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 546 (2007)).

IV. **ARGUMENT**

    A. **Family Medical History Constitutes Genetic Information Protected By GIPA.**

Defendant misconstrues Plaintiff's well-pled Complaint to argue that Plaintiff fails to sufficiently allege that Defendant solicited his genetic information protected by GIPA. (Mot. at 5-8). But as acknowledged by Defendant, GIPA defines "genetic information" as including, *inter alia*, "the manifestation of a disease or disorder in family members of [an individual]." (Mot. at 3) (citing 410 ILCS 513/10, 45 C.F.R. 160.103). Despite this straightforward definition of "genetic information" under GIPA, Defendant suggests that the Illinois Legislature's intended for GIPA to only regulate "genetic testing information." (See Mot. 5). But that position is clearly inconsistent with GIPA's plain text and clearly-defined definitions. *State Farm Mutual Automobile Insurance Co. v. Universal Underwriters Group*, 182 Ill.2d 240, 244 (1998) ("It is well established that when a statute defines the terms it uses, those terms must be construed according to the definitions contained in the [statute]").

Here, Plaintiff clearly pleads that his genetic information was derived from the "manifestation of a disease or disorder in his family members." (see 410 ILCS 513/10, 45 C.F.R. 160.1030). Plaintiff straightforwardly alleges that Defendant asked that he provide information regarding the "manifestation of a disease or disorder" in his family members, including whether his family members had a history of diabetes, heart disease, kidney disease and other medical conditions. (Compl. ¶ 29). Further, GIPA specifically states that an employer shall not directly or indirectly "solicit, request, require or purchase *genetic testing or genetic information* of a person or family member of the person . . . as a [i] condition of employment [or] [ii] preemployment

4

application." 410 ILCS 513/25(c)(1). (emphasis added). If the Illinois Legislature wanted to limit 410 ILCS 513/25(c)(1) to just "genetic testing information" it would have said so. (*i.e.,* see 410 ILCS 513/25(b) for such limiting language, stating "An employer may release *genetic testing information* only in accordance with this Act.") Defendant conveniently overlooks that GIPA separately defines "genetic testing" and "genetic information" (see 410 ILCS 513/10) and Plaintiff more than adequately puts Defendant on notice as to the exact "genetic information" Plaintiff alleges Defendant unlawfully solicited.

Next, Defendant erroneously argues that inheritable conditions such as *diabetes* and *heart disease* running in Plaintiff's family are somehow not "genetic information" for purposes of GIPA. Defendant attempts to cherry-pick decisions involving the federal Genetic Information Nondiscrimination Act, 42 U.S.C. § 2000ff, *et seq.* ("GINA") – which defines "genetic information" similarly to GIPA in that GINA's definition includes "the manifestation of a disease or disorder in family members of such individual" – to support its argument, but courts have ruled that the family medical conditions identified by Plaintiff here such as diabetes, heart disease, and kidney disease (Compl. ¶ 29), are sufficient to state claims under GINA. See *Lee v. City of Moraine Fire Dept.*, 3:13-cv-222, 2015 WL 914440, at *11 (S.D. Ohio Mar. 3, 2015) (granting summary judgment to plaintiff on GINA claim where questionnaire asked about family history of heart disease); *EEOC v. Grisham Farm Products, Inc.*, 191 F. Supp. 3d 994, 998 (W.D. Mo. 2016) (granting EEOC summary judgment on GINA violation where employer questioned applicants if they consulted a medical provider for conditions such as high blood pressure, heart disease, or breast cancer, or based on family history and risk factors); *see also Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, 2:17-cv-01649-MHH, 2022 WL 2959569, at *16 (N.D. Ala. July 26, 2022) (granting plaintiff summary judgment on GINA violations where employer indisputably

5

asked its job candidates "whether their grandparents, parents, or children had significant medical problems").

Further, Judge Shah recently analyzed claims brought under Section 25(c)(1) of GIPA – the same provision put at issue by Plaintiff Koziol in his Complaint. (*See Weller v. Sagility, LLC*., Case No. 1:23-cv-15626, Dkt. 19 (N. D. Ill. Mar. 25, 2024), attached hereto as Exhibit A). In denying the defendant's motion to dismiss, Judge Shah stated that the plaintiff stated a plausible claim under 410 ILCS 513/25(c)(1) of GIPA because plaintiff alleged the defendant "required plaintiff to disclose whether cardiac diseases, cancer, and diabetes manifested in her parents." *Weller*, No. 1:23- cv-15626 at 1.

As support for its contention that Plaintiff's allegations are "conclusory," Defendant cites *Green v. Whataburger Rests. LLC*, 2018 WL 6252532 (W.D. Tx. Feb. 22, 2018), but that decision is readily distinguishable. In *Green v. Whataburger Rests. LLC*, the plaintiff's complaint was devoid of any facts to "explain or provide any context to put Defendants on notice as to what her or her daughter's 'medical history' or 'genetic information' might be." *Green*, No. 5:17-cv-243, 2018 WL 6252532, at *2 (W.D. Tex. Feb. 22, 2018). The court ruled that "[b]ecause Plaintiff does not allege any plausible factual support that would allow the Court to infer that either her or her daughter's 'medical history' or 'genetic information' constitutes 'genetic testing' or 'genetic information,' Plaintiff failed to state a valid claim under GINA." *Id*. Here, in contrast, Plaintiff's well-pled Complaint states precisely which *inheritable family diseases and disorders* Defendant required Plaintiff to disclose. (Compl. ¶ 29). (*See also* Mot. at 7 (citing *Baum v. Dunmire Prop. Mgmt., Inc*., 21-cv-00964-CMA-NYW, 2022 WL 889097, at *7 (D. Colo. Mar. 25, 2022) (the plaintiff "disclosed that her father had COVID-19. This is not the kind of genetic information contemplated by GINA. Indeed, contracting COVID-19 is not a disease caused by a "genetic

disposition.")). Here, Plaintiff's well-pled Complaint does not plead any temporary viral infections in his family members, but rather *inheritable family diseases and disorders* Defendant required Plaintiff to disclose, including diabetes and heart disease. (Compl. ¶ 29).

Defendant's citations to other GINA decisions are also misplaced. For example, in *Munnerlyn,* the court was clear that the plaintiff's allegation that the defendants were aware "that he had been diagnosed with epilepsy and was taking medication for epilepsy" was deficient because the plaintiff's *own* diagnosis constituted "medical information" under GINA, not "genetic information." *Munnerlyn, LLC*, No. 1:20-cv-225-LY, 2020 WL 2528547, at *3 (W.D. Tex. May 18, 2020) ("An employer, however, does not violate GINA through 'the use, acquisition, or disclosure of *medical information* that is not genetic information about a manifested disease, disorder, or pathological condition of an employee or member") (internal citations omitted). If anything, *Munnerlyn* actually supports Plaintiff's claims because they are based on Defendant's solicitation of information concerning the manifestation of inheritable conditions in his family members like diabetes and heart disease, rather than any of Plaintiff's *own* medical conditions and/or diagnoses. *Id.*; *see also NA. B Duignan v. City of Chicago*, 275 F. Supp. 3d 933, 939 (N.D. Ill. 2017) (a plaintiff may not rely on her own actual diagnosis of Huntington's disease to state a GINA claim); *Conner-Goodgame v. Wells Fargo Bank*, No. 2:12-cv-03426, 2013 WL 5428448, at *11 (N.D. Ala. Sept. 26, 2013) (finding that AIDS is non-genetic information when the plaintiff "had no chance of acquiring HIV in the future as a result of her deceased mother's AIDS. Any chance Conner–Goodgame had of acquiring HIV from her mother ended with Plaintiff's infancy.") Further, Defendant's reliance on *Poore v. Peterbilt of Bristol, L.L.C.* is inapposite because there, the plaintiff's claim stemmed from his *wife's* diagnosis of multiple sclerosis, which had nothing do with the plaintiff's propensity to develop the disease. *Poore,* 852 F. Supp. 2d 727, 731 (W.D.

7

Va. 2012). Here, Defendant requested, and Plaintiff was required to provide, information concerning inheritable diseases in family members with whom he is genetically related.

In short, by alleging in detail how and when Defendant solicited Plaintiff's family medical history as a requirement of its preemployment application, presumably for the sole purpose of identifying applicants that may have genetic-based conditions, such as *diabetes and heart disease,* Plaintiff more than sufficiently puts Defendant on notice of the claims against it and states valid claims under GIPA. Defendant cannot simply label such pleadings concerning Plaintiff's family medical history requests as "generic" or "conclusory." (Mot. at 5-8). As described above, courts considering similar family medical history requests by employers disagree. *Grisham*, 191 F. Supp. 3d at 998; *Dolgencorp, LLC*, 2022 WL 2959569, at *16; *City of Moraine Fire Dept.*, 2015 WL 914440, at *11; *Weller*, No. 1:23- cv-15626 at 1. Lastly, Defendant's attempt to read into GIPA certain pleading requirements that Plaintiff must allege that "Befesa believed his family members' medical histories had a genetic component", (Mot. at 8), is untethered to any statutory language in GIPA or the case law discussed above. *See Weller*, Ex. A at 1.

**B.     Defendant's Pre-Employment Procedures Requesting Family Medical History Were Unlawful.**

In another effort to circumvent Section 25(c)(1) of GIPA's plain language, Defendant baldly asserts that its violations should be excused because pre-employment health screenings are not categorically *per se* unlawful. That may be true, but Plaintiff's claims are not based on Defendant's pre-employment health screenings generally, they are based on the fact that Defendant requested protected genetic information *as part of* those health screenings. Curiously, Defendant argues that "courts interpreting federal and state laws afford employers discretion to make relevant and necessary medical inquiries to determine an individual's fitness to do the job," (Mot. at 8), but then cites a slew of unrelated cases – *none* of which involved GIPA, or even GINA – seemingly

8

to argue that requiring mandatory pre-employment physicals is generally not unlawful. *See King v. Smithfield Food*, No. 08-cv-487, 2009 WL 10688336, at *6 (E.D. Va. Sept. 23, 2009) (non-GIPA nor GINA employment discrimination case); *Wice v. Gen. Motors Corp.*, No. 07-cv-10662, 2008 WL 5235996, at *4 (E.D. Mich. Dec. 15, 2008) (same); *Chicago Reg'l Council of Carpenters v. Berglund Constr. Co.*, No. 12-cv-3604, 2013 WL 6693547, at *3 (N.D. Ill. Dec. 19, 2013) (same); *Sisco v. Morton Bldg., Inc.*, No. 19-cv-02787-HLT, 2022 WL 266809, at *6 (D. Kan. Jan. 28, 2022) (same). While workers' safety may be regulated by federal statutes such as OSHA, Defendant does not – because it cannot – point to any directives, standards, regulations, or any caselaw suggesting that OSHA regulates preemployment practices. Nor does Defendant argue that complying with GIPA would cause it to violate OSHA. It cannot, because GIPA and OSHA do not contradict each other. *See City of Moraine Fire Dept.*, 2015 WL 914440, at *1 (S.D. Ohio Mar. 3, 2015) (granting summary judgment to plaintiff on GINA claim where an OSHA questionnaire requested family history of heart disease).

As its name implies, the Occupational Safety and Health Administration regulates workers' conditions and safety through medical screening and surveillance while on the job. But notably, "*OSHA does not require an employer to force the employees to take medical examinations*. However, OSHA's regulations are intended as minimum standards. Employers can adopt more stringent requirements for themselves, and in doing so, *may enforce mandatory participation in programs* within the guidelines of labor/management relations."[1] (emphasis added). But as Plaintiff states in his well-pled Complaint, Plaintiff Koziol did "not provide his genetic information in furtherance of a workplace wellness program." (Compl. ¶ 32). It is also worth noting that OSHA was enacted in 1970, and GIPA was enacted in 1998. When GIPA was enacted, the Illinois

---

[1] https://www.osha.gov/laws-regs/standardinterpretations/1987-08-06

Legislature was well aware of OSHA, not only because it already existed for 28 years, but also because GIPA specifically mentions the Occupational Safety and Health Act of 1970 in 410 ILCS 513/25(a). Defendant pretends that this reference means it cannot violate GIPA if they are compliant with OSHA, when clearly the nod to OSHA in Section 25(a) is meant to incorporate federal law's protections into GIPA as a minimum. If the reference to OSHA were construed to mean that employers subject to OSHA (nearly all private sector employers) are immune from GIPA's more stringent regulations concerning what information can be solicited pre-employment, many of GIPA's employment-related provisions would be pointless. *Patriotic Veterans, Inc. v. Indiana*, 736 F.3d 1041, 1049 (7th Cir. 2013) ("The fact that a state has more stringent regulations than a federal law does not constitute conflict preemption. Otherwise every time a state chose to apply a more rigorous standard when regulating conduct within the state, the result would be impermissible. We know, however, that states frequently, and without preemption by federal law, create more stringent laws").

As discussed above, there is nothing inconsistent with requiring Defendant to comply with GIPA and federal requirements under OSHA. Here, based on the current record, the Court cannot find that GIPA somehow "stands as an obstacle" to Congress's clear intent regarding worker's safety and working conditions in OSHA. *See Karling v. Samsara Inc.*, 610 F. Supp. 3d 1094, 1100 (N.D. Ill. 2022). There are no obstacles preventing Defendant from complying and/or satisfying both federal law and GIPA. *Id.* (rejecting defendant's preemption-related arguments in a BIPA case because of the "fact-based nature of a conflict preemption inquiry and its usual inappropriateness on a motion to dismiss").

In sum, Defendant's conclusory argument that Plaintiff's claims are somehow inconsistent with OSHA is legally and factually baseless, as it makes no showing that compliance with OSHA

somehow interferes with GIPA compliance. Defendant's Motion to Dismiss should be denied on this basis as well.

> C. **Plaintiff Does Not Need To Plead Defendant's "State of Mind" For His Request For Liquidated Damages Under GIPA.**

Finally, Defendant contends that Plaintiff must specifically allege Defendant's "state of mind" when violating GIPA to proceed with his request for increased damages due to Defendant's reckless or intentional conduct. (Mot. at 10-11). Notably, Defendant relies on an outdated decision – *Rogers v. CSX Intermodal Terminals, Inc.* – involving BIPA claims because GIPA also allows for enhanced statutory liquidated damages for each intentional or reckless violation of its provisions, 410 ILCS 513/40(a)(2), and $2,500 for each negligent violation, 410 ILCS 513/40(a)(1). Defendant ignores, however, that the vast majority of courts in this District have concluded that such allegations are not required. *See, e.g.*, *Cothron v. White Castle Sys., Inc.*, 467 F. Supp. 3d 604, 615 (N.D. Ill. 2020) (Tharp, J.) (the "complaint states a plausible claim for relief under [BIPA]; Rule 12(b)(6) does not require [the plaintiff] to plead the facts that will determine the amount of actual damages she may be entitled to recover"); *Smith v. Signature Sys., Inc.*, No. 2021-cv-02025, 2022 WL 595707, at *5 (N.D. Ill. Feb. 28, 2022) (Rowland, J.) ("Signature argues that Smith fails to state a claim because she does not plead negligence, recklessness, or intent. This Court disagrees.").

Here, Plaintiff states a plausible claim for relief under GIPA, and Rule 12(b)(6) does not require him to plead the specific facts that will determine the damages he may ultimately recover. *See Mahmood v. Berbix, Inc.*, No. 22-cv-2456, 2022 WL 3684636, at *3 ("A request for enhanced damages is a demand for relief, not part of a [GIPA] claim, therefore, [Plaintiff] need not allege facts to show [he is] entitled to this enhanced relief"). And even if such allegations were required, Defendant's assertion that Plaintiff does not support his request for heightened damages with

11

factual allegations is incorrect. Plaintiff alleges that GIPA's prohibitions have been in effect for years, but Defendant ignored them (Compl. ¶ 52), which courts in the BIPA context have found sufficient to create a reasonable inference that the statutory violations were reckless or intentional. Defendant's reliance on *Kukovec* is readily distinguishable, because unlike Plaintiff's Complaint here, Judge Shah clearly noted that in the complaint there "no other facts in the complaint point to recklessness or intent—e.g., knowledge of BIPA's requirements or statements about purposefully not complying with the law." *Kukovec v. Estee Lauder Companies, Inc.*, 22 CV 1988, 2022 WL 16744196, at *8 (N.D. Ill. Nov. 7, 2022); *see also Rogers v. BNSF Ry. Co.*, No. 19- cv-3083, 2019 WL 5635180, at *5 (N.D. Ill. Oct. 31, 2019) ("[T]he BIPA took effect more than ten years ago, and if the allegations of his complaint are true—as the Court must assume at this stage—BNSF has made no effort to comply with its requirements. This is certainly enough, at the pleading stage, to make a claim of negligence or recklessness plausible"); *Wordlaw v. Enter. Leasing Co. of Chicago, LLC*, No. 20-cv-3200, 2020 WL 7490414, at *7 (N.D. Ill. Dec. 21, 2020) ("The complaint's allegation that in 2016, "defendants knew, or were reckless in not knowing" that the timekeeping system was subject to BIPA's requirements is plausible . . . Yet defendants made no effort to comply with BIPA. This is enough to allege a negligent, reckless, or intentional violation").

Because GIPA's statutory damages regime is similar to BIPA's, and because GIPA like BIPA imposes liability regardless of a defendant's state of mind, and because Plaintiff also alleges sufficient facts to infer that Defendant's violations of GIPA were reckless or intentional, the Court should follow the well-reasoned decisions above and sustain Plaintiff's damages request at this stage of the litigation.

V.  **CONCLUSION**

For the foregoing reasons, Plaintiff Alex Koziol respectfully requests that the Court deny Defendant's Motion to Dismiss in its entirety.[2]

Dated: April 26, 2024

Respectfully submitted,

ALEX KOZIOL, individually and on behalf of similarly situated individuals,

By: /s/ Andrew T. Heldut
*One of Plaintiff's Attorneys*

Timothy P. Kingsbury
Andrew T. Heldut
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
tkingsbury@mcgpc.com
aheldut@mcgpc.com

*Attorneys for Plaintiff and the Putative Class*

---

[2] Should the Court grant Defendant's Motion in whole or in part, Plaintiff requests that any such dismissal be made without prejudice to provide Plaintiff with an opportunity to cure any defects in his pleading.

## CERTIFICATE OF SERVICE

I hereby certify that on April 26, 2024, I caused the foregoing *Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss* to be electronically filed with the Clerk of the Court using the CM/ECF system. A copy of said document will be electronically transmitted to all counsel of record.

/s/ Andrew T. Heldut