IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALEX KOZIOL, individually and on behalf of similarly situated individuals, ) ) ) *Plaintiff*, ) ) v. ) ) BEFESA ZINC US INC. f/k/a ) AMERICAN ZINC RECYCLING ) CORP., a Delaware corporation, ) ) *Defendant.* ) ) | Case No. 1:24-cv-01310 Hon. Jeffrey I. Cummings |

**FINAL ORDER AND JUDGMENT**

This matter having come before the Court for consideration of Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement and Unopposed Motion for Approval of Attorneys' Fees, Litigation Expenses, and Service Award, due and adequate notice having been given to all Parties and the Settlement Class Members,

IT IS HEREBY ORDERED:

1.    Unless stated otherwise, all capitalized terms used in this Final Order and Judgment shall be defined and interpreted in accordance with the definitions in the Parties' Settlement Agreement.

2.    The Court has read and considered the papers filed in support of Plaintiff's Motions, including all exhibits thereto and supporting declarations. The Parties have provided the Court with sufficient information to enable it to determine whether to certify the Settlement Class and finally approve the Settlement.

3.    The Court finds that it has jurisdiction over the subject matter of the Litigation and

all claims raised therein, and has personal jurisdiction over all Parties to the Litigation, including all Settlement Class Members.

4. The Court preliminarily approved the Parties' Settlement Agreement in its Preliminary Approval Order dated December 18, 2024. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court's Preliminary Approval Order, and the plan for Notice outlined in the Settlement Agreement, the Settlement Class Members were notified of the terms of the proposed Settlement and of a final approval hearing to determine, *inter alia*, whether the terms and conditions of the Settlement Agreement are fair, reasonable, and adequate for the release and dismissal of the Released Claims against the Released Parties.

5. The Court held a final approval hearing on April 16, 2025, at which time the Parties and all other interested persons were afforded the opportunity to be heard in support of or in opposition to the Settlement. Settlement Class members were notified of their right to retain an attorney and appear at the hearing in support of or in opposition to the proposed Settlement.

6. Pursuant to Federal Rules of Civil Procedure 23(a), (b)(3) and (e), and solely for purposes of settlement, the Court confirms and finally approves certification of the following Settlement Class, which is the same as the certified Settlement Class in the Preliminary Approval Order dated December 18, 2024 (Dkt. 38):

> All individuals who applied for employment with Befesa US Zinc Inc. in Illinois and who underwent a post-offer physical examination from December 18, 2018 through the date of [the Preliminary Approval Order entered on December 18, 2024].

7. Based on the papers filed with the Court and the presentations made to the Court by the Parties and other interested persons at the final approval hearing, and pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court now grants final approval to the Settlement and finds that the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the

Settlement Class Members. In making these findings, the Court considered all of the factors listed in Rule 23(e), including: Plaintiff and Class Counsel have adequately and capably represented the Settlement Class; the Settlement Agreement was negotiated at arms-length between the Parties before an experienced mediator, the Hon. James R. Epstein (Ret.) of JAMS Chicago; the Settlement's $244,800.00 Settlement Fund and the monetary relief provided for the Settlement Class Members constitutes adequate compensation, taking into account the risks that both sides faced with respect to the merits of the claims alleged and remedies requested, the costs, risks, and delay of trial and appeal, the hurdles involved in maintaining a class action, and the expense and duration of further litigation; the effectiveness of the Settlement's proposed method of distributing relief; the terms of Class Counsel's requested Fee Award; and the Settlement Agreement treats Settlement Class Members equitably relative to each other.

8. For settlement purposes only, the Court finds that the requirements of Federal Rule 23(g) are met and the Court reaffirms the appointment of Plaintiff Alex Koziol as Class Representative of the Settlement Class and the following counsel as Class Counsel:

> Evan M. Meyers
> Paul T. Geske
> Andrew T. Heldut
> Colin P. Buscarini
> MCGUIRE LAW, P.C.
> 55 W. Wacker Dr., 9th Fl.
> Chicago, IL 60601

9. For settlement purposes only, the Court finds that the Parties' Settlement Agreement and the proposed Settlement Class satisfy all of the prerequisites to certification listed in Federal Rule 23(a) and (b)(3), namely:

    a. The members of the Settlement Class are so numerous that joinder is impracticable;

    b. There are issues of law and fact common to the Settlement Class Members' claims;

  c. Plaintiff's claims are typical of the claims of the Settlement Class Members;

  d. Plaintiff and Class Counsel have and will continue to fairly and adequately represent the interests of the Settlement Class Members; and

  e. Common issues, including whether Defendant violated Illinois' Genetic Information Privacy Act ("GIPA"), predominate over any questions affecting only individual members of the Settlement Class, and settlement of this action on a class basis is superior to other means of resolving the Litigation.

 10. The Court finds that adequate notice was given to all Settlement Class Members pursuant to the terms of the Parties' Settlement Agreement and the Preliminary Approval Order. The Court has further determined that the Notices fully and accurately informed Settlement Class Members of all material elements of the Settlement, constituted the best notice practicable under the circumstances, and fully satisfied the requirements of the Federal Rule of Civil Procedure 23, the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715, applicable law, and the Due Process Clauses of the U.S. Constitution.

 11. The notice fully and accurately informed members of the Settlement Class of all material elements of the Settlement. The Settlement Class Members received notice of: (a) the pendency of the Litigation; (b) the terms of the proposed Settlement, including the Released Claims, Released Parties, and Releasing Parties; (c) their rights under the proposed Settlement; (d) their right to exclude themselves from the Settlement Class and the proposed Settlement; (e) their right to object to any aspect of the proposed Settlement; (f) their right to appear at the Final Approval Hearing; (g) Class Counsel's request for a Fee Award and a Service Award to Plaintiff; and (h) the binding effect of this Final Approval Order on all Persons who did not timely exclude themselves from the Settlement Class.

12. The Court also finds that the appropriate state and federal officials were timely notified of the Settlement Agreements under the Class Action Fairness Act of 2005 ("CAFA"), U.S.C. § 1715, and that ninety (90) days have passed without comment or objection from any governmental entity.

13. The Court orders the Parties to the Settlement Agreement to perform their obligations thereunder. The terms of the Settlement Agreement shall be deemed incorporated herein as if explicitly stated and shall have the full force of an order of this Court.

14. The Court enters judgment and dismisses the Litigation with prejudice, with each Party to bear its own fees and costs (except as otherwise provided herein and in the Settlement Agreement) as to Plaintiff's and all Settlement Class Members' claims against Defendant. The Court adjudges that the released claims described in the Settlement Agreement are released against the releasees.

15. The Court adjudges that Plaintiff and all Settlement Class Members who have not opted out of the Settlement Class shall be deemed to have fully, finally, and forever released, relinquished, and discharged all released claims against the releasees.

16. The Court further adjudges that, upon entry of this Order, the Settlement Agreement and the above-referenced release will be binding on, and have preclusive effect in, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiff and all other Settlement Class Members who did not validly and timely opt out of the Settlement, and their respective affiliates, assigns, heirs, executors, administrators, successors, agents, and insurers, as set forth in the Settlement Agreement. The releasees may file the Settlement Agreement and/or this Final Order and Judgment in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release,

good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

17. Plaintiff and Settlement Class Members who did not validly and timely request exclusion from the Settlement are permanently barred and enjoined from asserting, commencing, prosecuting, or continuing any of the released claims described in the Settlement Agreement against any of the releasees.

18. The Court approves an award of attorneys' fees, costs, and litigation expenses to Class Counsel in the amount of $90,616.49. This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement. The Court, having considered the materials submitted by Class Counsel in support of final approval of the Settlement and their request for an award of attorneys' fees, costs, and litigation expenses and in response to any timely filed objections thereto, finds the requested award appropriate and reasonable for the following reasons: First, the Court finds that the Settlement provides substantial benefits to the Settlement Class. Second, the Court finds the amount fair and reasonable in light of the substantial work performed by Class Counsel. Third, the Court concludes that the Settlement was negotiated at arms-length without collusion, and that the negotiation of the attorneys' fees only followed agreement on the settlement benefits for the Settlement Class Members. Finally, the Court notes that the Settlement Notices specifically and clearly advised the Settlement Class Members that Class Counsel would seek an award in the amount sought.

19. The Court approves payment of Service Award in the amount of $5,000 for the Class Representative, and specifically finds such amount to be reasonable in light of the services performed by Plaintiff for the Settlement Class, including taking on the risks of litigation and helping achieve the compensation made available to the Settlement Class. This amount shall be

paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.

20. Neither this Final Order and Judgment, the Settlement Agreement, nor the payment of any consideration in connection with the Settlement shall be construed or used as an admission or concession by or against Defendant or any of the other releasees of any fault, omission, liability, or wrongdoing, or of the validity of any of the released claims. This Final Order and Judgment is not a finding as to the merits of any claims in this Litigation or a determination of any wrongdoing by Defendant or any of the other releasees. The final approval of the Settlement Agreement does not constitute any position, opinion, or determination of this Court as to the merits of the claims or defenses of the Parties or the Settlement Class Members.

21. Any outstanding objections to the Settlement Agreement are overruled and denied in all respects. The Court finds that no reason exists for delay in entering this Final Order and Judgment. Accordingly, the Clerk is directed to enter this Final Order and Judgment.

22. The Parties, without further approval from the Court, are permitted to agree to and adopt such amendments, modifications, and expansions of the Settlement Agreement and its implementing documents (including all exhibits to the Settlement Agreement) so long as they are consistent in all material respects with the Final Order and Judgment and do not limit the rights of the Settlement Class Members.

IT IS SO ORDERED.

ENTERED: April 16, 2025

_____
Hon. Jeffrey I. Cummings
United States District Court Judge